UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 04-401(DSD/SRN)(2)

United States of America,

       Plaintiff,

v.                                  **ORDER**

Guillermo Mendoza-Martinez,

       Defendant.


This matter is before the court upon the motion by defendant Guillermo Mendoza-Martinez for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On February 7, 2005, Mendoza-Martinez pleaded guilty to Count 1, aiding and abetting possession with intent to distribute methamphetamine, and Count 2, carrying a firearm in relation to drug trafficking, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. §§ 2 and 924(c)(1)(A). The court sentenced Mendoza-Martinez on July 12, 2005, to the statutory mandatory minimum terms of imprisonment of 120 months on Count 1 and 60 months on Count 2, to be served consecutively, followed by five years of supervised release. Mendoza-Martinez now moves for a reduction in his total sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. The government opposes the motion on the ground that the statutory mandatory minimum precludes application of the amendment in this case. The court agrees.

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated

Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. app. C, amend. 782. The two-level reduction is not applicable, however, where, as in this case, the sentence was imposed pursuant to a statutory mandatory minimum term of imprisonment. See U.S.S.G. § 1B1.10, Application Note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) ... if ... the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of ... a statutory mandatory minimum term of imprisonment[.]"); see also id. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); United States v. Golden, 709 F.3d 1229, 1233 (8th Cir. 2013) (rejecting application of a similar amendment under § 3582(c) because "the existence of a statutory minimum always imposes a boundary on the bottom of an offender's guideline range").

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 138] is denied.

Dated:  August 28, 2015.

s/David S. Doty
David S. Doty, Judge
United States District Court

2